IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter of Gary Victor Dubin | CIVIL NO. 20-00419 JAO-KJM<br><br>ORDER LIFTING STAY |

## ORDER LIFTING STAY

On September 15, 2020, U.S. District Judge Derrick Watson issued an Order to Show Cause ("OSC") why Respondent Gary Victor Dubin ("Respondent") should not be disbarred from practicing in this court pursuant to Local Rule 83.4(b) based on the Order of Disbarment issued by the Hawai'i Supreme Court on September 9, 2020.  ECF No. 1.  Judge Watson provided the relevant standard applicable to reciprocal discipline:

> "a federal court's imposition of reciprocal discipline on a member of its bar based on a state's disciplinary adjudication is proper unless an independent review of the record reveals:  (1) a deprivation of due process; (2) insufficient proof of misconduct; or (3) grave injustice which would result from the imposition of such discipline."

*Id.* at 1–2 (quoting *In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002)).  Judge Watson further explained that Respondent must demonstrate at least one of the foregoing by clear and convincing evidence, and that the Court "presumes the correctness of a state bar court's factual findings."  *Id.* at 2 (citing *Kramer*, 282

F.3d at 724; *Gadda v. Ashcroft*, 377 F.3d 934, 943 (9th Cir. 2004)). Finally, he informed Respondent that Respondent "may argue that the conduct warrants a substantially different discipline than applied elsewhere." *Id.*

On September 29, 2020, Respondent filed an Answer to the OSC. ECF No. 2.

On October 1, 2020, Chief U.S. District Judge J. Michael Seabright assigned this case to the undersigned pursuant to Local Rule 83.4(b). ECF No. 3. Local Rule 83.4(b) authorizes this Court to "determine whether suspension or disbarment is nonetheless appropriate and the extent to which further investigation or process is warranted. In conjunction with that determination, the person shall promptly comply with any informational or evidentiary request made by the district judge." *Id.*

In light of Respondent's representation that he intended to seek a stay of the Order of Disbarment pending the filing of his petition for writ of certiorari in the U.S. Supreme Court, the Court, the Court stayed these proceedings on October 7, 2020. ECF No. 5. On April 5, 2021, the U.S. Supreme Court denied Respondent's petition for writ of certiorari.

On April 9, 2021, Respondent filed a lawsuit in this district, *Dubin, et al. v. The Supreme Court of the State of Hawaii, et al.*, Civil No. 21-00175 JAO-KJM.

His 178-page, 397-paragraph Complaint asserts unconstitutional exercise of legislative authority, due process, equal protection, and freedom of speech claims.

In his Status Report, filed April 12, 2021, Responded argued that this lawsuit is a "defense" to these proceedings, and he requested an extension of the stay to avoid a duplication of efforts and inconsistent results.  ECF No. 20 ¶¶ 7, 10.  District courts have "broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  In exercising its judgment, the court "must weigh competing interests and maintain an even balance."  *Landis*, 299 U.S. at 254–55 (citations omitted).  Competing interests include:

> "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted).

In its discretion, the Court declines to extend the stay. As set forth in the OSC, reciprocal discipline proceedings are limited in scope[1] and do not contemplate full-blown civil litigation or its corresponding processes. These proceedings preceded Respondent's lawsuit by seven months. Respondent is not entitled to resolution of his lawsuit *before* the Court considers whether reciprocal discipline is appropriate. Staying reciprocal discipline proceedings merely because a related, later-filed lawsuit is pending could result in unjustified delays of warranted disciplinary action and might encourage disciplined attorneys to file responsive lawsuits to avoid reciprocal discipline. Critical to the Court's consideration is the fact that notwithstanding his disbarment in state court, Respondent represents approximately *200* client plaintiffs in his lawsuit, and he could leverage a stay of reciprocal discipline to continue practicing law in this district court.[2]

The Court has already stayed these proceedings to allow Respondent to avail himself of other remedies, mindful that resolution would be relatively expeditious. These proceedings could languish for years pending the resolution of the lawsuit,

---

[1] Respondent insists he is entitled to an evidentiary hearing according to Chief Judge Seabright's order. *See* ECF No. 20 ¶ 5. Neither Chief Judge Seabright nor Judge Watson informed him that he is entitled to one.

[2] The Court makes this point to highlight why a stay is inappropriate, not to express an opinion on whether reciprocal discipline is warranted.

given the number of claims — many of which do not pertain to the Court's inquiry here — and parties in Respondent's lawsuit.  The indefiniteness of the length of the stay militates strongly against an extension.

For the reasons stated herein, the Court can and should adjudicate the reciprocal discipline issue without waiting for the outcome of Respondent's lawsuit.  Doing so will not result in a duplication of efforts nor risk inconsistent decisions, as the standards governing the issues will differ.[3]  Accordingly, the Court LIFTS the stay.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, April 14, 2021.



Jill A. Otake
United States District Judge

CV 20-00419 JAO-KJM, *In re: Dubin*; ORDER LIFTING STAY

---

[3] Should the Court impose reciprocal discipline, Respondent will have available remedies if he ultimately prevails on some or all of the claims in his lawsuit.  But the mere possibility that he could prevail is not a basis to refrain from evaluating whether reciprocal discipline should be imposed.