IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter of Gary Victor Dubin | CIVIL NO. 20-00419 JAO-KJM<br><br>ORDER REGARDING RECIPROCAL DISCIPLINE PROCEEDINGS |

**ORDER REGARDING RECIPROCAL DISCIPLINE PROCEEDINGS**

The Court establishes the following procedures in this case:

**A.      Hearing**

Respondent Gary Dubin ("Respondent") initially insisted that he is entitled to an evidentiary hearing, *see* ECF No. 20 ¶ 5, but now concedes that an evidentiary hearing is unnecessary except as to issues regarding alleged secret and ex parte communications between the Office of Disciplinary Counsel ("ODC") staff and the Hawaiʻi Supreme Court that are the subject of his pending lawsuit, *Dubin v. The Supreme Court of the State of Hawaii*, Civil No. 21-00175 JAO-KJM.  ECF No. 32 at 5.  He argues that he should be given an opportunity to address these issues at an evidentiary hearing and depriving him of this opportunity would result in the denial of his due process rights.  *Id.* at 7.

Respondent is not entitled to an evidentiary hearing and he has not pointed to any authority establishing otherwise.[1] *Selling v. Radford*, the seminal case on federal attorney discipline, merely requires "an intrinsic consideration of the state record." 243 U.S. 46, 51 (1917). The Ninth Circuit has determined that under *Selling*, due process is satisfied with the issuance of an order to show cause and a review of the state court record. *See In re Kramer*, 193 F.3d 1131, 1133 (9th Cir. 1999) (citations omitted); *In re Kay*, 481 F. App'x 407, 408 (9th Cir. 2012) ("Kay's contention that the district court violated his due process rights when it did not conduct an evidentiary hearing is unpersuasive because the district court proceedings met due process requirements." (citing *Kramer*, 193 F.3d at 1133)); *see also In re Sanai*, CASE NO. RD13-76MJP, 2013 WL 12185783, at *2 (W.D. Wash. Dec. 18, 2013), *aff'd sub nom.*, *Sanai*, 653 F. App'x 560 (9th Cir. 2016). Accordingly, the Court declines to hold an evidentiary hearing.

At the Court's request, Respondent identified witnesses he would call at an evidentiary hearing and their anticipated testimony. ECF No. 35 at 6–7. Although the Court will not allow Respondent to call these individuals to testify at a hearing,

---

[1] Respondent cites inapposite state court cases for the proposition that he is entitled to an evidentiary hearing when there are disputed issues of material fact. ECF No. 35 at 2. None of these cases concern or govern *federal* reciprocal disciplinary proceedings. That state court litigation (not even disciplinary proceedings) might require evidentiary hearings does not compel the same result here.

it will permit Respondent to submit a declaration, **by July 28, 2021**, for former Governor John Waihee, who served as Respondent's counsel in his state disciplinary proceedings.

**B.     Scope of Evidence**

Without knowing what exists, Respondent believes there are additional records, including ODC records, that he must procure through discovery in his federal lawsuit for the Court's consideration.  ECF No. 32 at 11; ECF No. 35 at 10.  Local Rule 83.4(b) authorizes this Court to "determine whether suspension or disbarment is nonetheless appropriate and the extent to which further investigation or process is warranted.  In conjunction with that determination, the person shall promptly comply with any informational or evidentiary request made by the district judge."  LR 83.4(b).  Respondent is not entitled to submit additional evidence or conduct discovery in other proceedings for presentation here.[2]  As explained above, due process is satisfied with the issuance of an order to show case and consideration of state court records.  Respondent answered the Order to Show Cause issued in this case, *see* ECF No. 2, and the Court has access to the Hawaiʻi Supreme Court records from Respondent's disciplinary proceedings.

---

[2]  The Court previously informed Respondent that "reciprocal discipline proceedings are limited in scope and do not contemplate full-blown civil litigation or its corresponding processes." ECF No. 22 at 4 (footnote omitted).

Unless a review of these records reveals the need for additional information, the scope of evidence will not expand. Indeed, accepting the evidence contemplated by Respondent is arguably impermissible, as it would draw the Court "into an extensive inquiry requiring it to sit in review of a [state] Supreme Court judgment." *In re Rosenthal*, 854 F.2d 1187, 1188 (9th Cir. 1988) (per curiam) (describing Rosenthal's efforts as a collateral attack of "a final judicial decision of the highest court of California" and reasoning that "[t]he only justification Rosenthal offers for this court not to disbar him is alleged procedural infirmities in the California state disbarment proceedings and allegedly erroneous factual findings upon which the disbarment was based"). Federal district and appellate courts are "without jurisdiction to do [so]; review of that nature may be obtained only in the United States Supreme Court." *Id.* (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 485–86 (1982)); *see In re Haddix*, 702 F. App'x 648, 649 (9th Cir. 2017) (affirming the district court's declination to investigate Haddix's claim that he was falsely accused of the misconduct that led to his discipline because it would require the court to sit in review of a state court judgment).

For these reasons, the Court will not accept additional evidence from Respondent, other than the declaration mentioned above. If the Court determines further evidence is necessary, the Court will request it. Similarly, no additional briefing is permitted unless requested by the Court.

4

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, July 8, 2021.



Jill A. Otake
United States District Judge