KEITH M. KIUCHI 2735
American Savings Bank Tower
1001 Bishop Street, Suite 985
Honolulu, Hawaii 96813

Telephone: (808) 533-2230
Facsimile: (808) 533-4391
E-Mail: kkiuchi106@cs.com

GARY VICTOR DUBIN
Dubin Law Offices
Suite 3100, Harbor Court
55 Merchant Street
Honolulu, Hawaii 96813

Telephone: (808) 537-2300
Facsimile: (808) 523-7733
Email: gdubin@dubinlaw.net

Attorneys for Respondent
Gary Victor Dubin

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter of Gary Victor Dubin,<br><br>Respondent. | Case No. 1:20-cv-00419-JAO-KJM<br><br>LOCAL RULE 60.1(c) REQUEST FOR RECONSIDERATION OF THIS COURT'S 8/26/21 MINUTE ORDER [Doc. 47] DENYING REQUEST BY RESPONDENT GARY VICTOR DUBIN [Doc. 45] TO THE HONORABLE J. MICHAEL SEABRIGHT, CHIEF JUDGE, TO AMEND HIS JULY 12, 2021 "ORDER APPOINTING THREE-JUDGE HEARING PANEL" [Doc. 39]; CERTIFICATE OF SERVICE |

**LOCAL RULE 60.1(c) REQUEST FOR RECONSIDERATION OF THIS COURT'S 8/26/21 MINUTE ORDER [Doc. 47] DENYING REQUEST BY RESPONDENT GARY VICTOR DUBIN [Doc. 45] TO THE HONORABLE J. MICHAEL SEABRIGHT, CHIEF JUDGE, TO AMEND HIS JULY 12, 2021 "ORDER APPOINTING THREE-JUDGE HEARING PANEL" [Doc. 39]**

COMES NOW Respondent GARY VICTOR DUBIN, by and through his undersigned attorneys, and hereby requests reconsideration by the Chief Judge, as above stated, with regard to both of the respective 2020 and 2021 cases, this request for reconsideration being filed in both cases simultaneously, based upon manifest error, for the following reasons:

**1. The presiding judge is prejudicially ethically compromised in both cases.**

Respondent has practiced law in this District Court for almost 40 years in more than 125 cases, many spirited disputes, and has the highest regard for the ethics of Members of this District Court (who have never accused him of any ethical misconduct toward a single client), as he does also for the Members of the Hawaii Supreme Court notwithstanding his disbarment.

There is a difference however between having the highest judicial ethics as our judges do, and being gullible to the prejudice of the parties.

The Honorable Jill Aiko Otake, Presiding Judge herein, whose judicial ethics are not being questioned, has nevertheless allowed herself to receive *ex*

*parte* information from Respondent's chief antagonist, Mr. Tamm,² simultaneously head of the ODC and the Lawyers Fund, whose unethical *ex parte* communications to Members of the Hawaii Supreme Court not only caused Respondent's disbarment as previously explained, but Mr. Tamm was eventually rebuked on other ethical grounds and ordered not to have anything further to do with Respondent's cases.³

Judge Otake, although having received Mr. Tamm's *ex parte* documents, has responded that the *ex parte* materials addressed to her were provided instead to the clerk's office, *albeit* presumably for her, and that they contained only "filings and dispositions in other cases," although the controlling Judicial Code of Conduct for United States Judges makes no such distinction.⁴

---

² "The Court discloses that Bradley Tamm has provided updates regarding the status of filings and dispositions in other courts related to these proceedings.

³ "ODC [and ' attorneys at the Office of Disciplinary Counsel"] are hereby disqualified from this matter". Order filed November 5, 2019, Hawaii Supreme Court in SCAD-19-0000561 (Doc. 81). And Tamm's reconsideration motion thereafter denied, *id.*, October 19, 2020 (Doc. 254).

⁴ *See* 20-00419, Doc. 15: "Mr. Tamm has not communicated directly with chambers regarding these proceedings The updates referenced in the EO were provided to the clerk's office and, as noted in the EO, concerned filings and dispositions in other courts, all of which are matters of public record. Therefore, any suggestion that nefarious conduct has tainted the proceedings is unfounded," *compared with* Code of Conduct for United States Judges, Canon 3(A)(4): "a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should

3



promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested." Respondent to this day does not know what Mr. Tamm gave Judge Otake, only that she thereafter following being provided by Mr. Tamm with constant "updates," she tore into Respondent unfairly (Doc. 19), the same day he received word that his USSC petition was formally denied.

Nor should it, for Respondent was not given the opportunity to know what was provided to Judge Otake and to correct and/or dispute and/or supplement that *ex parte* submission to her or to provide her with any opposing documents.

Instead, Judge Otake immediately snapped with anger at Respondent, prejudicing his reciprocal discipline case, denying needed briefing of issues.[5]

### 2. Two of the assigned judges have mistakenly prejudged Plaintiffs' cases.

Two Members of the panel have prejudiced Respondent's reciprocal discipline case and the 2021 class action as well by erroneously prejudging the controlling case law.

Judge Kobayashi, for instance on October 2, 2020 in the Cordero appeal in Civil No. 19-00502-LEK-WRP, from the Bankruptcy Court, stated at the oral argument, questioning Respondent's representation there, that without membership in the Hawaii Bar, Respondent could not appear in this District Court.[6]

Similarly, in pretrial proceedings in the reciprocal discipline case, Judge Otake has ruled that Respondent cannot in federal district court attack "procedural

---

[5] See 20-0491 (Doc. 19), even though Respondent notified Judge Otake the day formal notice was received from the Clerk that his petition was denied. Also, the response to the Court's original OSC was hurried and Respondent never had the opportunity to fully address the reciprocal discipline issues directly, yet Judge Otake denied supplemental briefing.

[6] Membership in the Hawaii State Bar "is a requirement to appear in our court regardless of your membership in our bar for the district court." Transcript of

infirmities" nor 'allegedly factual findings" in state disbarment proceedings, citing older cases, in effect overruled by the United States Supreme Court and the Court of Appeals for the Ninth Circuit.[7]

And, additionally, Judge Otake has been applying the Rooker-Feldman doctrine unfairly and prejudicially to Respondent's case.

First of all, neither the reciprocal discipline case nor the 2021 class action is an attempt in this federal district court to overturn Respondent's disbarment.

The reciprocal discipline case seeks to preserve Respondent's livelihood by preserving his ability to practice law in federal courts.

The 2021 class action has two parts, neither of which directly seeks to set aside his disbarment: part one, brought on behalf of all Members of the Hawaii Bar subject to the Fourteenth Amendment rule making abuses detailed in the Verified Complaint, using Respondent's experience only as an example seeking prospective

---

Proceedings, October 2, 2020, page 6, lines 15-17, Civil No. 19-00502-LEK-WRP, of which this Court may take judicial notice.

[7] See also, Judge Otake, "Order Regarding Reciprocal Discipline Proceedings," July 9, 2021, Doc. 37, page 4: Judge Otake quoting precedent refusing to review state court disbarment decisions on the merits, since reversed, holding that "Federal district and appellate courts are 'without jurisdiction to do [so]. Review of that nature may be obtained only in the United States Supreme Court" because "it would require the court to sit in review of a state court judgment." *But see*, to the contrary, Doc. 1; see also In re Kramer, 282 F.3d 721, 724 (9th Cir, 2002); Gadda v. Ashcroft, 277 F.3d 934, 943 (9th Cir, 2004) (one can argue against a state court disbarment (1) due process violations, (2) insufficient proof of misconduct, (3) grave injustice would result, and (4) lesser discipline is warranted.

declaratory relief, and part two, on behalf of Respondent's clients affected by his unconstitutional disbarment.

Nevertheless Judge Otake continues to misstate the relationship of the 2021 Verified Complaint to Respondent's disbarment. Judge Otake is wrong and is prejudicing Respondent's case who does not have years to waste on appeal, already 83 a few days ago and soon otherwise penniless.

First, the Rooker-Feldman doctrine is not even applicable to Respondent who the controlling case law exempts from Rooker-Feldman, because Mr. Tamm's *ex parte* misconduct constitutes extrinsic fraud not discovered until after disbarment, which means that Respondent could have sought to set aside the disbarment order in this District Court overcoming the defense of Rooker-Feldman as inapplicable had he chosen to, and could still do that by way of amendment.[8]

Second, Circuit Courts today frown away from considering the defense of Rooker-Feldman in state bar proceedings allowing challenges to disciplinary rules

---

[8] First, as the USSC has held in D.C. Court of Appeals v. Feldman. 460 U.S. 462 (1983), when state supreme courts act in a rule making capacity regulating the bar, the federal court may simply be asked for a declaratory judgment with respect to a disciplinary rule without being asked to overturn a specific state court judgment. And where the issue is "extensive fraud" occurring outside t disciplinary proceedings, such as Mr. Tamm passing on to the Court outside the proceedings *ex parte* and false information, there is no bar to asking a federal court to set aside a disciplinary order, especially if the charged attorney was deprived as here of challenging the otherwise hidden evidence, Rooker-Feldman being no bar; *see*

apart from reviewing actual cases, and they prefer rather than Rooker-Feldman to apply a more accurate preclusion analysis, and in that regard there is no preclusion bar whatsoever since Mr. Tamm's prejudicial and false *ex parte* communications to the Hawaii Supreme Court were not disclosed nor part of the case record nor discussed before Respondent was disbarred.[9]

However, to clarify that issue here, Respondent hereby serves notice on the Office of the State Attorney General pursuant to Local Rule 7.8 that the Plaintiffs in Civil No. 21-00715 JAO-KJM will be filing a motion to certify the classes, naming Keith Kiuchi as attorney class representative in place of Respondent, and three main representatives for the client class, two of whom are supposedly on the Lawyers Fund complaint list, Mr. Gantt who will claim, this is an offer of proof, that he never signed nor submitted a statement of claim, and Mr. Verhagen who will claim, this is an offer of proof, that he was tricked into signing a statement of claim – which might give this Court further insight into the fraud committed on

---

Green v. Ancora-Citronelle, 537 F.2d 1380, 1384 (9th Cir. 1978); *accord*, Kougasian v. TMSI, Inc., 359 F.3d 1136 (9th Cir. 2003).

[9] See Behr v. Campbell, 2021 WL 3559339 (11th Cir. 2021) (extensively reviewing the status of Rooker-Feldman litigation in all U.S. District Courts, holding that "the doctrine's era of expansion is over," "our inflated view of the doctrine, widely shared though it may have been, was actually a misunderstanding – one that the Supreme Court has stepped in to correct," "our holdings have since retreated to Rooker-Feldman's narrow boundaries," "unfortunately litigants and the district courts have still not gotten the message," "when Rooker-Feldman is raised, it will

Respondent outside of court and now upon this District Court by Mr. Tamm and others.

### 3. The Chief Judge using his inherent authority should reassign the cases.

My dual request, denied by the presiding judge, was made appropriately instead to the Chief Judge who proclaimed having inherent authority to assign cases. Reassignment should also be part of that inherent authority.

Respondent appreciates how burdensome and fraught with personal pressures from the outside disbarment related cases in a small legal community such as ours can cause this Court and its Members, already manifesting itself, for which Respondent apologizes, but is not of his choosing.

That finally is why Respondent also requested that the Chief Judge request the Chief Judge of the Ninth Circuit Court of Appeals to reassign these two cases to a District Judge of another jurisdiction having no connection with the Hawaii Judiciary or Members of this District Court, so that his cases may be fairly judged.

Once assigned, litigants should not be seen as indentured slaves, forever at the judicial whim of an assigned judge or judges.

---

almost never apply," especially when the claim is that "constitutional rights were violated during the proceedings").

There are important issues raised in this request for reconsideration of an important judicial policy nature, although seemingly being ignored, deserving of decision by the Chief Judge or all members of this District Court.

DATED: Honolulu, Hawaii; August 29, 2021.

Respectfully submitted,

*/s/ Keith K. Kiuchi*
*/s/ Gary Victor Dubin*

KEITH K. KIUCHI
GARY VICTOR DUBIN
Attorneys for Respondent
Gary Victor Dubin

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct courtesy copy of the foregoing document was duly served on the following attorneys with the Department of Attorney General *via* the Court's electronic service system on the day first written below:

>Clare E. Connors, Esq.
>Patricia Ohara, Esq.
>Robyn B. Chun, Esq.
>Department of the
>  Attorney General
>425 Queen Street
>Honolulu, Hawaii 96813
>
>Courtesy Copy

DATED: Honolulu, Hawaii; August 30, 2021.

>Respectfully submitted,
>
>*/s/ Keith K. Kiuchi*
>*/s/ Gary Victor Dubin*
>
>―――――――――――――――
>KEITH K. KIUCHI
>GARY VICTOR DUBIN
>Attorneys for Respondent
>Gary Victor Dubin